**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRENDAN J. CARTER,<br>Petitioner,<br>v.<br>KATHY BRITTAIN, et al.,<br>Respondents. | CIVIL ACTION NO. 3:24-cv-1130<br><br>(Magistrate Judge Latella) |

# MEMORANDUM

This matter comes before the Court on remand from the United States Court of Appeals for the Third Circuit directing that the issue of whether a Certificate of Appealability should issue be addressed. Because Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C.§ 2253(c), a certificate of appealability shall not issue.

## I. Procedural History

This matter was initiated by the filing of a counseled habeas Petition pursuant to 28 U.S.C. § 2254 on July 10, 2024. (Doc. 1). The Respondents filed a Response on August 28, 2024. (Doc. 4). The parties consented to the jurisdiction of a United States magistrate judge on

January 22, 2025.[1] The Petition was denied by Memorandum and Order filed on September 4, 2026. (Docs. 9 and 10). The Order denying the Petition left the issue of whether a Certificate of Appealability should issue unaddressed. (Doc. 10). The matter was remanded on October 9, 2026, for the limited purposes of determining whether a Certificate of Appealability should issue. (Doc. 13). On October 19, 2026, the Petitioner filed a Motion for a Certificate of Appealability. (Doc. 14).

## II. Background

The background of this matter and the history of the state court proceedings are fully set forth in the Court's Memorandum of September 4, 2026. (Doc. 9). Relevant to the matter currently before the Court, Petitioner was charged with numerous sex offenses involving minors on July 29, 2019, in the Court of Common Pleas for Luzerne County. (*See* Doc. 9, p. 4). Prior to his trial, Petitioner filed numerous motions including several motions to continue his trial and motions to

[1] The matter was reassigned to the undersigned on June 10, 2025.

suppress statements and physical evidence. (*Id.* at pp. 4-5). Petitioner was convicted after a jury trial and sentenced to an aggregate term of 84 to 168 months' imprisonment. (*Id.* at p. 8). His conviction and sentence were affirmed by the Pennsylvania Superior Court. *Commonwealth v. Carter*, 2023 WL 4417528, 303 A.3d 745 (Pa. Super. Ct. 2023).

In his habeas Petition, the Petitioner presented five claims for review which were stated as follows:

I. GROUND ONE: THE DENIAL OF PETITIONER'S MOTIONS TO SUPRESS STATEMENTS MADE BY THE PETITIONER AND TO SUPRESS CERTAIN EVIDENCE

II. GROUND TWO: TRIAL COURT'S DENIAL OF PETITIONER'S MOTION FOR A JURY VIEW OF THE ALLEGED CRIME SCENE

III. GROUND THREE: TRIAL COURT'S DENIAL OF PETITIONER'S MOTION IN LIMINE TO EXCLUDE ELECTRONIC EVIDENCE SUCH AS SOCIAL MEDIA AND TEXT MESSAGE

IV. GROUND FOUR: THE COURT BELOW ERRED AND VIOLATED THE PETITIONER'S RIGHT TO DUE PROCESS OF LAW IN FAILING GRANT THE PETITIONER'S MOTION FOR SANCTIONS FOR VIOLATION OF DUTY TO DISCLOSE DISCOVERABLE

ELECTRONIC EVIDENCE, FOR FAILING TO PERMIT THE PETITIONER TO PRESENT THE TESTIMONY OF HIS EXPERT WITNESS AND DENYING A CONTINUANCE OF TRIAL

V. GROUND FIVE: COURT'S IMPOSITION OF SENTENCE AND FINDING THE PETITIONER WAS A SEXUALLY VIOLENT PREDATOR WERE IN ERROR AND CONSTITUTED AN ABUSE OF DISCRETION

(Doc. 1-3). Petitioner's claims and arguments supporting them appeared to be in large part a reiteration of his argument presented to the Pennsylvania Superior Court on appeal.

## III. Discussion

Of petitioner's five claims, only two, Grounds I and IV were properly preserved for habeas review and were reviewed on their merits. Grounds II, III, and part of Ground V were procedurally defaulted and no reason to excuse the default was presented. Part of Ground V presented arguments based solely on Pennsylvania state law not cognizable in a federal habeas action.

### A. The Exhausted Claims

Ground I challenged the denial of Petitioner's motions to suppress statements and to suppress physical evidence. In the Memorandum of

September 4, 2026, it was fully explained that Petitioner's claims regarding both the denial of the motion to suppress statements and to suppress physical evidence were wholly without merit. (*See* Doc. 9, pp. 28-37). The trial court held a hearing on those motions, had before it a fully developed record, and denied both motions on the merits. The Pennsylvania Superior Court applied the proper legal standard and affirmed the denial after ample discussion.

With regard to the Petitioner's motion to suppress statements, as fully discussed in the Court's September 4, 2026, Memorandum, after a full hearing on the merits, the trial court concluded that at the time the Petitioner made the statements, he was not under custodial detention. (*See* Doc. 9, p. 29-33). The Superior Court agreed and applied legal standards consistent with federal law in determining that the Petitioner's statements were voluntary and no constitutional violation occurred. (*Id.* at pp. 34-37). The state courts' decisions were neither contrary to, nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Further, the decisions were not based on an

unreasonable determination of the facts in light of the evidence. Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right with regard to the denial of his motion to suppress statements.

As to Petitioner's motion to suppress physical evidence, the Fourth Amendment exclusionary-rule claims are cognizable on federal habeas corpus review only if there has been no opportunity for full and fair litigation of the claim in the state courts. *See Reed v. Farley*, 512 U.S. 339 (1994); *Withrow v. Williams*, 507 U.S. 680 (1993); *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3d Cir. 1984). The record clearly establishes that Petitioner was afforded a full and fair hearing on this claim, having raised this issue with the Luzerne County Court of Common Pleas, and subsequently appealing this issue to the Superior Court, which affirmed the trial court. Because Petitioner received a full and fair hearing on his Fourth Amendment claim, he cannot now relitigate that claim. *See Stone v. Powell*, 428 U.S. 465, 481 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the

Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."); *see also Gilmore v. Marks*, 799 F.2d 51, 56 (3d Cir. 1986) ("[A] federal court may not reexamine the state court's determination that no Fourth Amendment violation occurred.").

Ground IV asserted a claim that Petitioner was denied due process because the trial court denied his request for a continuance so that he could have time to obtain a forensic expert to examine his cell phone, which contained damaging evidence. As fully discussed in this Court's Memorandum of September 4, 2026, (doc. 9. at pp. 37- 45), Petitioner's claim regarding the denial of a continuance was based mostly on state law. Such claims are not cognizable in a federal habeas action. However, Petitioner did make a due process argument both before the Superior Court and here. In addressing the federal claim, the Superior Court correctly set forth the standard applicable to such claims articulated by the United States Supreme Court in *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). (*See* Doc. 9, p. 43). In *Ungar*, the

Supreme Court stated that: "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." 376 U.S. at 589 (citations omitted). The Superior Court meticulously recounted the history of the proceedings before the trial court, including the granting of several continuances, and found no due process violation. (*See* Doc. 9, pp. 39-41). The Superior Court's decision was not contrary to clearly established Federal law, nor did it involve an unreasonable application of clearly established Federal law. The Superior Court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Petitioner has not demonstrated a denial of due process by the denial of his motion to continue his trial. The record establishes that Petitioner was given more than ample time in which to obtain and utilize an expert. Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right with regard to this claim.

Pursuant to 28 U.S.C.A. § 2253(c) "a certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." The analysis in deciding whether a certificate of appealability should issue "is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Given that Petitioner's two exhausted claims are meritless, it cannot reasonably be said that the resolution of his claims is subject to debate or that the issues presented are adequate to deserve encouragement to proceed further.

**B. The Procedurally Defaulted Claims**

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Colon v. Charles*, No. CV 26-10529 (MAS), 2026 WL 2718549, at *2 (D.N.J. Sept. 14, 2026) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

That Petitioner has procedurally defaulted the majority of his claims that would potentially be cognizable in a federal habeas action cannot be reasonably debated. Indeed, Petitioner has made no effort throughout these entire proceedings to assert that his claims were fully exhausted or challenge the Respondents' default arguments. In his Motion for a Certificate of Appealability, Petitioner ignores this Court's finding that the majority of his claims were procedurally defaulted, nor does he challenge the conclusion that no grounds to excuse the default are present in this record.[2]

---

[2] Petitioner appears to have turned a blind eye toward the issue of waiver in the Pennsylvania Superior Court as well. That Court noted that at least two of the claims brought here were waived and Petitioner failed to address the issue on appeal. With regard to Ground II, relating to the denial of Petitioner's request to view the alleged crime scene, the

Accordingly, a Certificate of Appealability will not issue.

Dated: October 21, 2026

***/s/ Leo A. Latella***
Leo A. Latella
United States Magistrate Judge

---

Superior Court stated: "Again, Carter does not address, much less dispute, this finding of waiver." *Commonwealth v. Carter*, 2023 WL 4417528 at **10. With regard to Ground III, regarding the refusal to exclude electronic evidence, the Superior Court wrote "The trial court found this issue was waived for three reasons…. Carter does not address the issue of waiver at all in his brief to this Court." *Id.* at ** 8.